```
                  IN THE UNITED STATES DISTRICT COURT
               FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MAURICE EMILE,                    )
                                  )
              Plaintiff,          )
                                  )
      v.                          )     Civil Action No. 04-974
                                  )     Judge Gary L. Lancaster/
SCI-PITTSBURGH, and PENNSYLVANIA  )     Magistrate Judge Lisa Pupo
DEPARTMENT OF CORRECTIONS,        )     Lenihan
                                  )
              Defendants.         )     Doc. Nos. 13 & 38
                                  )
```

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### RECOMMENDATION

It is recommended that the DOC defendants' motion to dismiss (Doc. 13) be granted in part and denied in part. It should be granted as to Defendants SCI-Pittsburgh and the Pennsylvania Department of Corrections. However, it should be denied as to the other defendants, who, although not named in the caption of the amended complaint were named in the body of that amended complaint. It is further recommended that Plaintiff's motion for injunctive relief (Doc. 38) be denied.

### REPORT

Maurice Emile ("Plaintiff"), is currently a prisoner in the State Correctional Institution at Cresson, Pennsylvania. He was formerly housed in the State Correctional Institution at Pittsburgh ("SCI-Pittsburgh"). Plaintiff has filed a civil rights suit, complaining that in July 2002, he was attacked by a fellow prisoner and was slashed with a knife on his face. He complains that

although there were metal detectors available at SCI-Pittsburgh, they were not used. He implies that had these metal detectors been used, he would not have suffered the attack. He complains that the failure to use the metal detectors and the failure of the Pennsylvania Department of Corrections authorities to institute criminal charges against inmates who attack other inmates evinces a deliberate indifference to his safety in violation of his Eighth Amendment rights.

1.  **Relevant Procedural History**

Plaintiff is proceeding pro se and has been granted pauper status.[1]  Plaintiff's original complaint (Doc. 8) named only two defendants: SCI-Pittsburgh, and the Pennsylvania Department of Corrections ("DOC").  At the time of instituting this suit, Plaintiff was no longer housed in SCI-Pittsburgh.  The state Attorney General's office, on behalf of the two named defendants, filed a motion to dismiss and brief which pointed out that SCI-Pittsburgh and DOC were not capable of being sued and in addition, asserted that Plaintiff failed to exhaust his administrative remedies.  Doc. Nos. 13 & 14.  As a result, Plaintiff filed an amended complaint. Doc. 17.  The amended complaint did not seem to add any new causes of action, nor did it add any defendants in the

---

[1] Although Plaintiff had signed an authorization form to permit withdrawal of funds from his prison account to pay for the filing fee, since doing so, he has been transferred several times and no money has been forwarded.  Accordingly, Plaintiff will be required to file a new authorization permitting withdrawal from his prison account at the current prison in which he is incarcerated.

caption of the amended complaint, however, in the body of the amended complaint, Plaintiff named specific individuals whom he described, in subsequent filings[2] as defendants.  By separate order, Plaintiff is being directed to file a second amended complaint, accompanied by a sufficient number of copies of the second amended complaint, in which Plaintiff is directed to name in the caption all of the defendants that he named in the body of the amended complaint, i.e., Doc. 17.  In the body of amended complaint, Doc. 17, Plaintiff named C.O. Nicholas and D-Block Sergeant Nas and Superintendent Johnson and Secretary Beard.  Notwithstanding the fact that Plaintiff filed an amended complaint after the Defendants filed their motion to dismiss, the court had ordered that the Defendants' motion to dismiss would not be mooted by the filing of the amended complaint.  Doc. 20.

Furthermore, in Plaintiff's amended complaint, Plaintiff claimed that he gave Sergeant Nas a grievance to place in the unit mailbox but Plaintiff believes that Sergeant Nas never did so because Plaintiff never received a response to his grievance.  In addition, Plaintiff filed a response to the Defendants' motion to dismiss, Doc. 24, as well as a brief in support of his response.  Doc. 25.  In that response, Plaintiff repeated his claim that he could not exhaust because of Sergeant Nas' failure to place his grievance in the unit mail box.  In addition, Plaintiff claimed

---

[2] See e.g., Doc. 24.

that his life was almost lost again, Doc. 24 at 2 and at 6, wherein Plaintiff alleged that he was threatened by inmates with knive[s] poking through there [sic] pants." Id. at 6. Furthermore, in the response, Plaintiff claimed that he suffered various due process violations when Sergeant Nas failed to pass on his grievance, when the prison authorities failed to forward payments to this court in a timely manner, when they lost copies of his complaint, when it took four weeks to have copies made, and when "evidence" was lost or taken by the prison authorities.[3]  Doc. 24 at 2.

---

[3] To the extent that Plaintiff seeks to amend his complaint by including these new procedural due process causes of action in his response and the new threat by inmates, Plaintiff may not do so. Grayson v. Mayview State Hospital, 293 F.3d 103, 109 n.9 (3d Cir. 2002)("For the sake of clarity, a prisoner plaintiff (or any other plaintiff) should not be able effectively to amend a complaint through any document short of an amended pleading."); Commonwealth of Pa. ex. rel. Zimmerman v. PepsiCo, Inc., 836 F.2d 173, 181 (3d Cir. 1988) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."). This is true, notwithstanding the fact that Plaintiff is pro se. See, e.g., Martin v. Zook, No. Civ.A. 87-3775, 1988 WL 33919 (E.D.Pa. March 31, 1988)(applying rule of Zimmerman v. PepsiCo. to pro se lay plaintiff).
  Even if Plaintiff had properly sought leave to amend his complaint by adding these alleged procedural due process violations, leave would not be granted as amendment would be futile insofar as what Plaintiff alleged failed to state a claim of procedural due process violations as a matter of law. Plaintiff has no liberty interest in the grievance procedures or in photocopies. Keenan v. Marker, 23 Fed.Appx. 405, 407 (6th Cir. 2001)("there is no inherent constitutional right to an effective prison grievance procedure. Furthermore, state law does not create a liberty interest in the grievance procedure.")(citations omitted); Sands v. Lewis, 886 F.2d 1166, 1169 (9th Cir. 1989) ("[B]road as the constitutional concept of liberty is, it does not include the right to xerox.") (quoting Jones v. Franzen, 697 F.2d 801, 803 (7th Cir. 1983)). Insofar as he claims his property was lost or stolen, he has adequate post deprivation remedies in the form of the DOC grievance system and
(continued...)

Plaintiff filed another "motion for leave to amend complaint," Doc. 31. However, the motion to amend merely sought to add to the operative complaint, i.e., Doc. No. 17, the words "failure to protect" and to clarify that he was alleging more than mere negligence against the defendants. The court denied this motion as being unnecessary. Doc. 33.

Plaintiff also filed a motion "asking the courts to ask Defendant Beard to lesson [sic] the mental abuse." Doc. 38. The court treated this motion as one seeking preliminary injunctive relief. The Defendants have filed a response. Doc. 42.

**2. Standard of Review for Motions to Dismiss**

---

[3](...continued)
state tort law. See, e.g., Austin v. Lehman, 893 F.Supp. 448, 454 (E.D.Pa.1995) (inmate grievance procedure constituted adequate post-deprivation remedy); Rogers v. Mrs. Brown, NO. CIV. A. 95-7867, 1996 WL 608473, *2 (E.D.Pa. Oct. 24, 1996) (tort suit in state court provides adequate post deprivation remedy for deprivation of legal papers); Drexel v. Horn, NO. CIV. A. 96-3918, 1997 WL 356484, *4 (E.D.Pa. June 20, 1997)("A grievance system has been recognized as adequate post-deprivation remedy."); Acosta v. McGrady, NO. CIV.A. 96-2874, 1999 WL 158471, *6 (E.D.Pa. March 22, 1999)(finding combination of the grievance system and the state tort suit to be adequate post deprivation remedy). Insofar as he complains concerning the prison authorities' failure to forward monies from his account, this will be corrected by requiring him to file another authorization for his current prison. Nor has this failure to forward monies deprived Plaintiff of anything as there has been no adverse effects on his prosecution of this suit. Nor, with respect to his liberty interest claims do any of the enumerated actions impose on him an atypical and significant hardship within the contemplation of Sandin v. Conner, 515 U.S. 472, 484 (1995), or otherwise deprive him of a liberty interest.

The Court of Appeals for the Third Circuit has recently announced the standard of review which is applicable to motions to dismiss.

> [Courts] must determine whether, under any reasonable reading of the pleadings, the plaintiffs may be entitled to relief, and we must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom. *Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993). The complaint will be deemed to have alleged sufficient facts if it adequately put the defendants on notice of the essential elements of the plaintiffs' cause of action. Since this is a § 1983 action, the plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution. *Id*. In considering a Rule 12(b)(6) motion, we do not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002).

Moreover, a court must employ less stringent standards when considering *pro se* pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519 (1972).

In addition, because Plaintiff is a prisoner proceeding in forma pauperis, the screening provisions of 28 U.S.C. §1915(e)(2) are applicable here. Those provisions provide that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid [by a prisoner granted IFP status], the court shall dismiss the case at any time if the court determines that– (A) the allegation of poverty is untrue; or (B) the action or appeal–(i) is

frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

### 3. Plaintiff's Complaint

#### A. DOC and SCI-Pittsburgh are not "Persons"

Liberally construing Plaintiff's complaint, he seeks, inter alia, to recover for alleged violations of his Eighth Amendment rights. Because there is no direct cause of action under the United States Constitution,[4] the court liberally construes the complaint to be making a claim under the Civil Rights Act of 1871, 42 U.S.C. § 1983.[5] See also Doc. 8 (form to be used by prisoners seeking to proceed in forma pauperis to pursue a Section 1983 civil rights action). As Defendants pointed out in their motion to dismiss, the only two named Defendants, i.e., SCI-Pittsburgh and DOC are not amenable to suit. This Court agrees.

---

[4] See, e.g., Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 925 (9th Cir. 2001)("a litigant complaining of a violation of a constitutional right does not have a direct cause of action under the United States Constitution but must utilize 42 U.S.C. § 1983.").

[5] Section 1983 provides in relevant part that

> Every **person** who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

(emphasis added).

Defendants contend that the DOC, as an organ of Pennsylvania and SCI-Pittsburgh as an organ of the DOC, do not constitute "persons" within the meaning of Section 1983. Plaintiff does not contest this claim, rather he merely attempted to amend his complaint to name natural persons who are employed by DOC. This court agrees that neither DOC nor SCI-Pittsburgh constitute "persons" within the meaning of Section 1983 and therefore cannot be sued thereunder. <u>Will v. Michigan Dept. of State Police</u>, 491 U.S. 58, 71 (1989)("We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983."); <u>Williams v. Pennsylvania, Dept. of Corrections</u>, 146 Fed.Appx. 554 (3d Cir. 2005)(affirming judgment of District Court granting summary judgment to DOC because it was not a "person" for purposes of Section 1983); <u>Ramos v. Pennsylvania Dept. of Corrections</u>, 2006 WL 2129148, *2 (M.D.Pa. July 27, 2006)("the DOC is clearly not a person and may not be sued under § 1983."); <u>Kelley v. SCI-Frackville Administrators</u>, 2006 WL 335387, *2 (M.D. Pa. Feb. 13, 2006)("Pursuant to the above discussion, SCI-Waymart, SCI-Frackville, . . . as agencies or arms of the Commonwealth of Pennsylvania, are not persons and may not be sued under § 1983. *See Thompkins v. Doe*, No. 99-3941, slip op. at 3 (3d Cir. March 16, 2000) (a state prison and a department within the prison are not persons and may not be sued under § 1983)"). Hence, Plaintiff's complaint fails to state a claim with respect to SCI-Pittsburgh and DOC.

**B. Plaintiff's conspiracy claims**

It appears that Plaintiff is attempting to allege in his amended complaint that there is a conspiracy. Doc. 17 at 1 ("<u>this is an on going continuing conspiracy</u>"). However, the Court of Appeals has declared that "[t]he allegations [of conspiracy] must be sufficient to 'describe the general composition of the conspiracy, some or all of its broad objectives, and the defendant's general role in that conspiracy.'" <u>Rose v. Bartle</u>, 871 F.2d 331, 366 (3d Cir. 1989). Nor does this requirement that allegations of conspiracy be more than conclusory run afoul of the generous pleading standard under Fed.R.Civ.P. 8(a) as construed in <u>Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit</u>, 507 U.S. 163 (1993). <u>See</u>, <u>e.g.</u>, <u>Loftus v. SEPTA</u>, 843 F.Supp. 981, 988 (E.D. Pa. 1994) ("Requiring that a complaint alleging conspiracy flesh out in some detail the nature of the scheme does not run afoul of the admonition in *Leatherman* .... Rather, in the context of a conspiracy, the 'short and plain statement' provision of Rule 8 is satisfied only if the defendant is provided with the degree of particularity that animates the fair notice requirement of the rule."). Because Plaintiff's claim of conspiracy is conclusory and fails to provide sufficient particularity as required by <u>Rose v. Bartle</u>, Plaintiff's claims of conspiracy should be dismissed for failing to state a claim upon which relief can be granted.

Alternatively, it appears that Plaintiff is alleging the existence of a conspiracy to prevent inmates who attack other inmates from being criminally charged. However because Plaintiff

has no federal right to have inmates who commit a crime criminally charged, his alleged conspiracy to prevent inmates from being criminally charged fails to state a constitutional claim.  See, e.g., Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); Doyle v. Oklahoma Bar Ass'n, 998 F.2d 1559, 1566-67 (10th Cir. 1993) (private citizen has no standing to have lawyer disciplined or criminally charged); Satler v. Johnson, 857 F.2d 224, 227 (4th Cir. 1988) (neither member of public at large nor victim has right to have another criminally prosecuted);  Napier v. Baron, 198 F.3d 246 (Table), 1999 WL 1045169, *1 (6th Cir. 1999)("contrary to Napier's belief, he does not have a constitutional right to have a particular person criminally charged and prosecuted.").  Accordingly, this claim is dismissed for failure to state a claim upon which relief can be granted.

Although the court recommends dismissal of the complaint against the two named defendants, because it is apparent that Plaintiff intended to name other defendants, the court will permit Plaintiff to amend the caption of his complaint to indicate all the defendants he sought to sue in his amended complaint, i.e., Doc. 17, which the court assumes will be C.O. Nicholas, Sergeant Nas, Superintendent Johnson, and Secretary Beard.  Because the court anticipates Plaintiff amending his complaint to include such defendants in the caption, the court will address two other grounds raised by the Defendants for granting the motion to dismiss.

Defendants have also sought to have the complaint dismissed for failure to exhaust. However, because Plaintiff claims that his attempt to exhaust was interfered with, at this stage of the proceedings, it is impossible to dismiss the complaint because there is a set of facts, under which he could recover, i.e., his ability to exhaust was interfered with. Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003)(concluding that the District Court erred in failing to consider prisoner's claim that he was unable to submit a grievance, and therefore lacked administrative remedies, because prison employees refused to provide him with necessary forms); Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001) (holding remedy not "available" where prison officials purportedly prevented prisoner from employing the prison's grievance system).

In addition, Defendants seek to have the complaint dismissed because Plaintiff did not "allege any facts to suggest the he faced a substantial risk of harm prior to the alleged attack, or that the defendants could have possibly known of any possible specific risk of harm to the plaintiff." Doc. 14-1 at 7. However, contrary to the Defendants' suggestion, it is not a requirement that Plaintiff plead every element of his failure to protect claim in order to avoid dismissal of the complaint for failure to state a claim. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 511 (2002)("under a notice pleading system, it is not appropriate to require a plaintiff to plead facts establishing a prima facie case"); Nix v. Welch &

White, P.A., 55 Fed.Appx. 71, 72 (3d Cir. 2003)("a complaint generally need not allege every element of a plaintiff's claim").

Accordingly, the court does not recommend dismissal of the complaint on these two grounds.

### 4. Preliminary Injunction

As noted above, Plaintiff filed a motion which the court liberally construed to be a motion for preliminary injunction. Doc. 38. In that motion, he complains that he is suffering mental abuse because he is not housed in a single cell, i.e., without a cell mate, also called a "Z-Code status" and, consequently, his cell mates could attack him or could read his legal writings. The significance of the legal writings is that through his legal writings Plaintiff seeks to have fellow inmates criminally charged for their attacks on other inmates, and the chance of other inmates finding out that Plaintiff desires criminal prosecution could put Plaintiff at risk of being attacked by these other inmates. Plaintiff complains that he is so worried about this alleged state of affairs that the had to check into a suicide watch cell.

The defendants filed a response, noting that Plaintiff has been housed in SCI-Cresson since January 3, 2006 and that since that time he has had 5 or 6 cellmates and has never been attacked. The staff at SCI-Cresson did evaluate Plaintiff for being housed in a single cell but found he did not meet the criteria for such a status. Doc. 43-1 at ¶¶ 4-6.

In determining whether a preliminary injunction[6] is warranted, a court must consider: (1) whether the movant has shown a reasonable probability of success on the merits of the claims made in the complaint; (2) whether the movant will be irreparably harmed by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest. Highmark, Inc. v. UPMC Health Plan, Inc., 276 F.3d 160, 170-71 (3d Cir. 2001). More specifically, with respect to the fourth prong, a party who seeks an injunction must show that the issuance of the injunctive relief would not be adverse to the public interest. Dominion Video Satellite, Inc. v. Echostar Corp., 269 F.3d 1149, 1154 (10th Cir. 2001). "[F]requently [it] is observed that a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997)(emphasis deleted). Furthermore, the Court must recognize that an "[i]njunction is an equitable remedy which should not be lightly indulged in, but used sparingly and only in a clear and plain case." Plain Dealer Publishing Co. v. Cleveland Typographical Union # 53, 520 F.2d 1220, 1230 (6th Cir. 1975), *cert.*

---

[6] Because the standards for the grant of a preliminary injunction and a temporary restraining are the same, the court's analysis of the preliminary injunction would also dispose of any request by Plaintiff for a temporary restraining order. Babn Technologies Corp. v. Bruno, No. Civ.A. 98-3409, 1998 WL 720171, at *3 (E.D.Pa. Sept. 2, 1998); Cooper v. City of Philadelphia, 18th District, No. Civ.A. 93-3007, 1993 WL 274192, *1 (E.D. Pa. July 2, 1993).

*denied*, 428 U.S. 909 (1977). As a corollary to the principle that preliminary injunctions should issue only in a clear and plain case, the Court of Appeals for the Third Circuit has observed that "upon an application for a preliminary injunction to doubt is to deny." <u>Madison Square Garden Corp. v. Braddock</u>, 90 F.2d 924, 927 (3d Cir. 1937). <u>See</u> <u>also</u> <u>Spirol Int'l Corp. v. Vogelsang Corp.</u>, 652 F.Supp. 160, 161 (D.N.J. 1986). Also, it is a movant's burden to show that the "preliminary injunction must be the only way of protecting the plaintiff from harm." <u>Campbell Soup Co. v. ConAgra, Inc.</u>, 977 F.2d 86, 91 (3d Cir. 1992).

Instantly, there are several problems with Plaintiff's request for injunctive relief. First of all, the only viable claim contained in the operative complaint, i.e., Doc. 17, concerns a failure to protect incident that occurred at SCI-Pittsburgh in July 2002. Plaintiff is currently at SCI-Cresson and seeks an injunction to be housed in a single cell, relief that was not requested in the operative complaint, i.e., Doc. 17. This is not permissible.

Because Plaintiff seeks an injunction giving him single cell status based upon a situation at SCI-Cresson occurring after January 2006, (i.e., when he first arrived at SCI-Cresson) which is not sufficiently related to the operative complaint, which alleges a failure to protect claim that arose in July 2002 at SCI-Pittsburgh, a totally different institution, his preliminary injunction request should be denied. <u>See</u>, e.g., <u>Devose v. Herrington</u>, 42 F.3d 470, 471 (8th Cir. 1994)("Devose's motion is based on new assertions of

mistreatment that are entirely different from the claim raised and the relief requested in his inadequate medical treatment lawsuit. Although these new assertions might support additional claims against the same prison officials, they cannot provide the basis for a preliminary injunction in this lawsuit."); Spencer v. Stapler, No. 04-1532, 2006 WL 2052704, *9 (D. Ariz. July 21, 2006)("Plaintiff's motion [for injunctive relief] concerns events that are unrelated to the subject of his complaint and that concerns conduct of persons other than the Defendants. Plaintiff's request will therefore be denied."); Westbank Yellow Pages v. BRI, Inc., NO. CIV. A. 96-1128, 1996 WL 255912, *1, (E.D.La. May 13, 1996)("A preliminary injunction is not an appropriate vehicle for trying to obtain relief that is not even sought in the underlying action."); Williams v. Platt, 2006 WL 149024, *2 (W.D.Okla. Jan. 18, 2006)("The complaint addresses two matters at the Logan County Jail: (1) the denial of medical treatment between March and June 2001; and (2) the promotion of an inmate assault on November 8, 2001. In his requests for injunctive relief, the Plaintiff addresses matters at a separate facility, involving harassment, conspiracy, denial of a bottom bunk, and confiscation of legal materials. A preliminary injunction would be inappropriate to address wrongs wholly unrelated to the complaint.")(footnotes omitted).

　　　　Alternatively, even if the court assumed that the preliminary injunction were sufficiently related to the complaint, Plaintiff's motion would still fail because he himself identified an alternative

that could provide Plaintiff with the protection he seeks, namely, protective custody status, which is apparently a status that a prisoner can seek that essentially places him in a restricted housing area with attendant restrictions on some privileges available to the general population. Doc. 38-1. Plaintiff does not dispute that this would address his safety concerns but complains that this is an undesirable solution to his problem because he considers it to be punitive insofar as he "wouldn't be able to hug my mom because I'll only be allowed to see her behind a sc[r]een." Doc. 38-1. Because protective custody is an alternative way of assuring his safety, an injunction requiring Plaintiff to be single celled in the general population is inappropriate. See, e.g., Campbell Soup Co. v. ConAgra, Inc., 977 F.2d at 91 (the "preliminary injunction must be the **only** way of protecting the plaintiff from harm.")(emphasis added).

**CONCLUSION**

In accordance with the Magistrates Act, 28 U.S.C. §636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of the objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

/s/Lisa Pupo Lenihan
Lisa Pupo Lenihan

- 17 -

```
                              United States Magistrate Judge
```

Dated: August 18, 2006

cc:  Honorable Gary L. Lancaster
     United States District Judge

     Maurice Emile
     DX1483
     PO Box A
     Cresson, PA 16699

     Counsel of Record