IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MAURICE EMILE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-974 |
| | ) | Judge Gary L. Lancaster |
| SCI-PITTSBURGH, et al, | ) | Magistrate Judge Lenihan |
| | ) | |
| Defendants | ) | Doc. No. 59 |

## **ORDER**

     Pending before the Court is Plaintiff's Motion for Appointment of Counsel as well as a motion to correct an alleged error (Doc. No. 59). Plaintiff has filed a civil rights suit, complaining that in July 2002, he was attacked by a fellow prisoner and was slashed with a knife on his face. He complains that although there were metal detectors available at SCI-Pittsburgh, they were not used. He implies that had these metal detectors been used, he would not have suffered the attack. He complains that the failure to use the metal detectors and the failure of the Pennsylvania Department of Corrections authorities to institute criminal charges against inmates who attack other inmates evinces a deliberate indifference to his safety in violation of his Eighth Amendment rights.

     In the case of Tabron v. Grace, 6 F.3d 147 (3d Cir. 1993), *cert. denied*, 510 U.S. 1196 (1994), the Court of Appeals for the Third Circuit identified standards to be

considered by the district courts in exercising their discretion whether to "appoint"[1] counsel pursuant to 28 U.S.C. § 1915(d).[2]

The court recognized that there are significant practical restraints on the district court's ability to "appoint" counsel:

> the ever-growing number of prisoner civil rights actions filed each year in the federal courts; the lack of funding to pay appointed counsel; and the limited supply of competent lawyers who are willing to undertake such representation without compensation.

6 F.3d at 157. The court also recognized that there are many cases in which district courts seek to appoint counsel but there is simply none willing to accept appointment. The court stated:

> [T]he frequent unwillingness of lawyers to accept appointment in such cases is not only a function of the time pressures lawyers face in trying to earn a living in an increasingly competitive field, but also by circulating knowledge of the indignities that some lawyers have been subjected to by certain litigants, including verbal and written abuse, excessive demands and complaints, and malpractice suits. We trust the district judges will be sensitive to such problems in making discretionary decisions in this area.

Id. at 157, n.7.

The court further recognized that volunteer lawyer time is extremely valuable and district courts should not request counsel under § 1915 indiscriminately:

> [v]olunteer lawyer time is a precious commodity . . . .

---

1. 28 U.S.C. § 1915(e) does not authorize the court to "appoint" counsel; it authorizes the court to "request" an attorney to represent a litigant unable to employ counsel. See Mallard v. United States District Court, 490 U.S. 296 (1989).

2. In 1996, 28 U.S.C. § 1915 was amended by the Prison Litigation Reform Act, Pub. L. No. 104-134 (110 Stat. 1321) (enacted on April 26, 1996). Former section 1915(d) was amended and codified as section 1915(e).

> Because this resource is available in only limited quantity, every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause. We cannot afford that waste.

Id. at 157. Finally, the court emphasized that "appointment" of counsel remains a matter of discretion and the decision must be made on a case-by-case basis.

The Court of Appeals in Tabron identified standards to be considered by the district courts in exercising their discretion whether to "appoint" counsel pursuant to 28 U.S.C. § 1915(d)( now subsection (e)). First, the Court must consider the merits of the plaintiff's claim. It should not appoint counsel unless it appears that the claim has some merit in fact and law. Tabron, 6 F.3d at 155. Other factors a court should consider include the plaintiff's ability to present his or her case; the plaintiff's education, literacy, prior work experience, prior litigation experience, ability to understand English; restraints placed upon him or her by confinement; whether the claim is truly substantial; the difficulty or complexity of the legal issues; the degree to which factual investigation will be required and the ability of the indigent plaintiff to pursue such investigation; the extent to which prisoners and others suffering confinement may face problems in pursuing their claims; whether the claims are likely to require extensive discovery and compliance with complex discovery rules; whether the case is likely to turn on credibility determinations; whether the case will require testimony from expert witnesses; and whether an indigent plaintiff could retain counsel on his or her own behalf.

Dispositive motions have yet to be filed. It is not clear at this time that Plaintiff's claims have merit. This case does not present particularly complex credibility determinations and there does not appear to be any need for testimony from expert

witnesses.  Plaintiff alleges that he only has a fourth grade reading level. The Court has no means of determining whether this is correct and certainly would like to be in a position to appoint counsel in all cases. However, this is simply not possible. As a pro se litigant plaintiff will have the benefit of <u>Haines v. Kerner</u>, 404 U.S. 519 (1972)  and its progeny, which provides that courts must liberally construe pro se pleadings.  After considering the factors discussed above, it appears that plaintiff's remaining claims are simple and do not present complex legal issues. It also appears that Plaintiff has sufficient intelligence and ability to litigate the claims on his own behalf.    Considering the severe shortage of attorneys with experience and knowledge in this area of the law, who are also willing to take these cases pro bono, it does not appear that this case merits a request by this court for counsel to represent him pursuant to 28 U.S.C. § 1915(e).

Accordingly, plaintiff's motion for appointment of counsel shall be denied. Should the case survive dispositive motions and a trial be scheduled, this request will be reconsidered.

Regarding Plaintiff's request to clarify the record regarding the representation of Defendant Nas, the Pennsylvania Attorney General's office has now entered an appearance for Defendant Nas, likely as a result of Plaintiff's motion.

AND NOW, this <u>23</u>rd day of January, 2007;

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Appointment of Counsel is **DENIED**. Plaintiff's Motion to correct error is also **DENIED** as now being moot.

**IT IS FURTHER ORDERED** that the parties are allowed ten (10) days

from this date to appeal this order to a district judge pursuant to Rule 72.1.3(B) of the Local Rules for Magistrates.  Failure to appeal within ten (10) days shall constitute waiver of the right to appeal.

                                   Lisa Pupo Lenihan
                                   United States Magistrate Judge

cc:
**WILLIAM HARRIS**
CX-7039
SCI Somerset
1600 Walters Mill Rd.
Somerset, PA 15510

Counsel of record