```
             IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| MAURICE EMILE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-974 |
| | ) | Judge Nora Barry Fischer |
| SCI-PITTSBURGH, and PENNSYLVANIA | ) | Magistrate Judge Lisa Pupo |
| DEPARTMENT OF CORRECTIONS, | ) | Lenihan |
| | ) | |
| Defendants. | ) | Doc. No. 61 |
| | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### RECOMMENDATION

It is respectfully recommended that the Partial Motion to Dismiss the Second Amended Complaint (doc. no. 61) be granted and that Plaintiff's claims against Defendants Beard and Dobrzynski be dismissed.

### REPORT

Maurice Emile (Plaintiff), is Pennsylvania state prisoner formerly housed in the State Correctional Institution at Pittsburgh (SCIP). Plaintiff filed a civil rights suit complaining that in July 2002, he was attacked by a fellow prisoner and was slashed with a knife on his face. He complains that although there were metal detectors available at SCI-Pittsburgh, they were not used. He implies that, had these metal detectors been used, he would not have suffered the attack. He complains that the failure to use the metal detectors and the failure of the Pennsylvania Department of Corrections authorities to institute criminal charges against

inmates who attack other inmates evinced a deliberate indifference to his safety in violation of his Eighth Amendment rights.

### A. Standard of Review

Defendants have filed a Partial Motion to Dismiss pursuant to Fed. R. Civ. Proc. 12(b)(6) (doc. no. 61). The complaint must be read in the light most favorable to the plaintiff and all well-pleaded, material allegations in the complaint must be taken as true. Estelle v. Gamble, 429 U.S. 97 (1976). A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, ___U.S. ___, 127 S.Ct. 1964-65. In other words, "factual allegations must be enough to raise a right to relief above the speculative level." *Id*. at 1955. It is not proper for the court to assume that "the [plaintiff] can prove facts which [he or she] has not alleged, or that the defendants have violated the ... laws in ways that have not been alleged." Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983).[1]

---

1. Courts may consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case in considering a motion to dismiss under Rule 12(b)(6). Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 n.2 (3d Cir. 1994); Chester County Intermediate Unit v. Pennsylvania Blue Shield, 896 F.2d 808, 812 (3d Cir. 1990); DiNicola v. DiPaolo, 945 F. Supp. 848, 854 n.2 (W.D. Pa. 1996) (court is entitled to take judicial notice of public records); Barber v. Grow, 929 F. Supp. 820, 822 (E.D. Pa. 1996) (in considering a Rule 12(b)(6) motion, a court must primarily consider the allegations contained in the complaint, although matters of public record, orders, items
(continued...)

## B. Liability under 42 U.S.C. § 1983

Plaintiff seeks to assert liability against Defendants pursuant to the Civil Rights Act, 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements. He must allege: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42 (1988); Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, Daniels v. Williams, 474 U.S. 327, 330-331 (1986).

### 1.  Defendant Beard

In his Amended Complaint, Plaintiff claims Defendant Beard is liable because he failed to insure that the inmate-attackers be charged criminally after assaulting other inmates. Plaintiff fails to state a claim against Defendant Beard for two reasons. First, as stated in this Court's previous Report and Recommendation, Plaintiff has no federal right to have inmates who commit a crime criminally charged. Consequently, this claim fails to state a constitutional violation and is not actionable under 42 U.S.C. § 1983. *See, e.g.*, Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or

---

1(...continued)
appearing in the record of the case and exhibits attached to the complaint may also be taken into account).

non-prosecution of another."); Doyle v. Oklahoma Bar Ass'n, 998 F.2d 1559, 1566-67 (10th Cir. 1993) (private citizen has no standing to have lawyer disciplined or criminally charged); Satler v. Johnson, 857 F.2d 224, 227 (4th Cir. 1988) (neither member of public at large nor victim has right to have another criminally prosecuted); Napier v. Baron, 198 F.3d 246 (Table), 1999 WL 1045169, *1 (6th Cir. 1999) ("contrary to Napier's belief, he does not have a constitutional right to have a particular person criminally charged and prosecuted.").

Second, it was Plaintiff who decided not to participate in any prosecution while the Pennsylvania State Police were investigating whether to file criminal charges (doc. no. 61-2, pp. 2-6, state police report). Plaintiff signed a written statement to this effect on July 19, 2002 (doc. no. 61-2, p.7). Thus, Plaintiff's Amended Complaint against Defendant Beard should be dismissed.

2.  Defendant Dobrzynski

Defendants assert that Plaintiff's claim against Defendant Dobrzynski is time-barred under the two-year limitations period that applies to section 1983 actions in Pennsylvania.[2] Defendants'

---

2. Civil actions brought under section 1983 are classified as personal injury claims for the purpose of determining the limitations period under the applicable state law. Wilson v. Garcia, 471 U.S. 261, 272-76 (1985). The limitations period for personal injury actions under Pennsylvania law is two years, see 42 Pa. Cons. Stat. § 5524. Thus, the limitations period for civil rights actions in Pennsylvania under 42 U.S.C. § 1983 is two years. See Kost v.
(continued...)

assertion stems from the fact that Plaintiff did not name Defendant Dobrzynski in his original complaint, which was filed on June 30, 2004. Defendant Dobrzynski was not identified as a Defendant until November 16, 2006, the date of Plaintiff's Amended Complaint (doc. no. 54). Defendants assert that Plaintiff cannot join Defendant Dobrzynski as an additional Defendant in his Amended Complaint because the two-year limitations period expired.

In this regard, Plaintiff was attacked on July 11, 2002, in the exercise yard at the SCIP. The two-year statute of limitations applicable to Plaintiff's claim expired on July 11, 2004. On June 7, 2004, Plaintiff moved for leave to proceed *in forma pauperis* in order to file a complaint (dated May 27, 2004), in the United States District Court for the Eastern District of Pennsylvania, docket number 2:04-cv-2454. In that action, Plaintiff named Johnson, Beard, and "Sgt. Nas", in addition to SCIP and the Pennsylvania Department of Corrections (DOC). The Honorable Judge Kelly denied Plaintiff's Motion without prejudice to his right to file the complaint in the U.S. District Court for the Western District of Pennsylvania, the appropriate venue.

On June 30, 2004, Plaintiff moved to proceed *in forma pauperis* in this Court in the above-captioned action. Plaintiff's original complaint filed before this Court named only the Department

---

2(...continued)
Kozakiewicz, 1 F.3d 176 (3d Cir. 1993); Rose v. Bartle, 871 F.2d 331, 351 (3d Cir. 1989).

of Corrections and SCI-Pittsburgh as defendants. On December 29, 2005, Plaintiff filed an Amended Complaint wherein he referenced Beard, Johnson, "Sgt. Nas", "C.O. Nicholas", SCI-Pittsburgh, and the Department of Corrections (doc. no. 17). Plaintiff first identified Defendant Dobrzynski in his second amended complaint filed on November 20, 2006. Doc. no. 54.

Under Fed. R. Civ. P. 15(c),[3] a party may amend its complaint to add additional defendants provided that the amendment can "relate back" to the time of the original filing. In <u>Schiavone v. Fortune</u>, 477 U.S. 21, 29 (1986), the Supreme Court articulated a four-prong test for determining whether a proposed amendment met the relation back requirement:

---

3. Fed. R. Civ. P. 15(c) provides as follows.

(c) Relation Back of Amendments. An amendment of a pleading relates back to the date of the original pleading when

  (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or

  (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or

  (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

> 1. the basic claim must have arisen out of the conduct set forth in the original pleading;
>
> 2. the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense;
>
> 3. that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it; and
>
> 4. the second and third requirement must have been fulfilled within the prescribed limitations period.

The purpose of Rule 15(c)(3) is to ameliorate the effect of a statute of limitations where the plaintiff has sued the wrong party but where the right party has had adequate notice of the institution of the action. Bloomfield Mechanical Contracting, Inc. v. Occupational Safety and Health Review Comm'n, 519 F.2d 1257, 1262 (3d Cir. 1975). Accordingly, in deciding whether an amendment to add a new defendant relates back under Rule 15(c)(3), the focus of the court is whether the proposed new defendant had actual, constructive or imputed notice of the action within 120 days after the filing of the complaint or longer for good cause shown. *See* Bechtel v. Robinson, 886 F.2d 644, 651 (3d Cir. 1989).

In his first Amended Complaint filed on December 29, 2005 (doc. no. 17), Plaintiff identified "C.O. Nicholas" as the "gate officer" on the date of the attack. In his Amended Complaint filed on November 16, 2006, he substituted Defendant Dobrzynski as the gate officer. Plaintiff's claim against Defendant Dobrzynski does not related back to any complaint filed within the limitations

period. Even assuming that Defendant Dobrzynski knew that Plaintiff mistakenly named C.O. Nicholas instead of himself, Nicholas was not named until December 29, 2005, almost 18 months after the limitations expired on July 11, 2004. Consequently, Plaintiff's claims against Defendant Dobrzynski should be dismissed as they were filed outside the applicable two-year limitations period.

**CONCLUSION**

It is respectfully recommended that the Partial Motion to Dismiss the Second Amended Complaint (doc. no. 61) be granted and that Plaintiff's claims against Defendants Beard and Dobrzynski be dismissed.

In accordance with the Magistrate Judges Act, 28 U.S.C. §636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have ten (10) days from the date of service of the objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

/s/Lisa Pupo Lenihan
Lisa Pupo Lenihan
United States Magistrate Judge

Dated: July 27, 2007

cc:  Honorable Nora Barry Fischer
     United States District Judge

     Maurice Emile, DX1483
     PO Box A
     Cresson, PA 16699

- 8 -